UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALAAL ABDULLAH,<br><br>                Plaintiff,<br><br>     v.<br><br>A. CASAURANG, *et al.*,<br><br>                Defendants. | Case No. 2:24-cv-01223-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

      Plaintiff, a state prisoner, brings this action against twenty-one defendants at High Desert State Prison. ECF No. 1 at 3-4. He has joined multiple, unrelated claims against more than one defendant, however, in violation of the Federal Rules of Civil Procedure. Accordingly, I will give him leave to amend. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.    Screening and Pleading Requirements**

      A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1    claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20       **II.**    **Analysis**

21         Plaintiff's complaint impermissibly joins numerous separate and unrelated claims against
22   multiple defendants.  He alleges, for instance, that defendants have discriminated against him
23   because of his Islamic religion and, separately, that staff have ignored his pleas for emergency
24   medical attention to address gastrointestinal issues.  ECF No. 1 at 6 & 9.  Plaintiff has also
25   included claims for failure to treat his mental health issues and for retaliation.  *Id.* at 10-11.  These
26   claims are not sufficiently related to proceed together.  *See* Fed. R. Civ. P. 18(a); *George v. Smith*,
27   507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but
28   Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

1 Additionally, plaintiff has failed to sufficiently allege how each of the twenty-one defendants
2 violated his rights.  At various junctures, he does little more than list names and allege that they
3 were responsible.  ECF No. 1 at 11.  This is insufficient to provide each defendant notice of the
4 allegations against them.  Plaintiff must amend his complaint to remedy these deficiencies.

Plaintiff is advised that the amended complaint will supersede the current complaint.  *See*
*Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended
complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order.  If he fails to do so, I will recommend this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   July 18, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3