UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALAAL ABDULLAH, | Case No. 2:24-cv-01223-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | THAT THE CLERK OF COURT RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER |
| A. CASAURANG, *et al.*, | |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THIS MATTER BE DISMISSED |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On July 18, 2024, I screened plaintiff's complaint, notified him that it did not state a claim, and granted him thirty days to file an amended complaint. ECF No. 7. I warned plaintiff that if he failed to file an amended complaint, I would recommend that this action be dismissed. *Id.* at 3. Plaintiff failed to timely file an amended complaint or otherwise to respond to the court order.[1]

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,

---

[1] Although it appears from the file that plaintiff's copy of July 18, 2024 order was returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

1  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
2  comply with these Rules or with any order of the Court may be grounds for imposition by the
3  Court of any and all sanctions . . . within the inherent power of the Court.").

4        A court may dismiss an action based on a party's failure to prosecute an action, failure to
5  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
6  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
7  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
8  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
9  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
10 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
11 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
12 prosecution and failure to comply with local rules).

13       In recommending that this action be dismissed for failure to comply with court orders, I
14 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
15 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
16 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
17 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

18       Here, plaintiff has failed to respond to a court order directing him to file an amended
19 complaint. ECF No. 7. Therefore, the public interest in expeditious resolution of litigation, the
20 court's need to manage its docket, and the risk of prejudice to the defendants all support
21 imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court
22 orders will result in dismissal satisfies the "considerations of the alternatives" requirement.
23 *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The July 18,
24 2024 order expressly warned plaintiff that his failure to file an amended complaint would result in
25 dismissal. ECF No. 7. Plaintiff had adequate warning that dismissal could result from his
26 noncompliance. Accordingly, I find that the balance of factors weighs in favor of dismissal.

27       Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district
28 judge to this matter.

Further, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute and failure to state a claim for the reasons set forth in the July 18, 2024 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3